tried by the court who found for the plaintiff.  To reverse the judgment, defendants bring error.

HENRY ROTH, for plaintiffs in error.

EMERY M. SHAW, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1.  ANIMALS, § 12*—*when recovery against joint defendants for dog bite erroneous.*  In an action against husband and wife as owners of a dog to recover for injuries sustained by plaintiff by being bitten by the dog, *held* that a judgment against both defendants was erroneous for the reason that it was erroneous as to one, there being no evidence tending to show that the wife owned the dog or was in anyway responsible for its conduct.

2.  ANIMALS, § 14*—*when recovery for bite of dog not sustained by the evidence.*  In an action to recover damages for injuries sustained by a child by being bitten by a dog belonging to defendants, a judgment for plaintiff *held* not warranted by the evidence, there being no direct evidence that plaintiff was bitten by the dog and no proof that the dog was vicious or prone to bite mankind.

---

## Martin E. Troutman, Defendant in Error, v. Postal Telegraph-Cable Company, Plaintiff in Error.

### Gen. No. 19,560.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding.  Heard in this court at the October term, 1913.  Reversed.  Opinion filed May 25, 1914.

## Statement of the Case.

Action by Martin E. Troutman against Postal Telegraph-Cable Company, a corporation, to recover dam-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

ages sustained by plaintiff resulting from the failure of defendant to deliver to the addressees a telegram given to it to be transmitted. Upon trial by the court, plaintiff recovered a judgment for $101.10, which was for railroad fare from Meadville, Pennsylvania to Chicago and return amounting to $21.10, and $80 for loss of profits and commissions while absent from Meadville. To reverse the judgment, defendant brings error.

Plaintiff was an insurance solicitor and was employed on a commission basis by the Traveler's Insurance Company. He had in his employ George A. Wilson and Deaton J. Brooks, who were engaged by him as solicitors of insurance, the plaintiff receiving commissions on all policies written by himself and his employes. Wilson and Brooks had become dissatisfied and were contemplating a change of employment. At this time George S. Penfield, the manager of the company and plaintiff's official superior, was in Hartford, Connecticut, while plaintiff was in Meadville. Plaintiff had informed Penfield that Wilson and Brooks wanted a larger share of commissions, and Penfield wired plaintiff as follows:

"Wire Brooks and Wilson not to make a change until after hearing from me."

Pursuant to this instruction plaintiff sent the following telegram to Chicago through the defendant:

"Meadville, Pa., Jan. 20, 1913.
To Wilson and Brooks
    306 Ins. Exchange Chicago, Ill.
Have wire from Panfield. Make no arrangements for change until you hear from him.
                                    TROUTMAN."

This message was received in the Chicago office of the defendant and given to a messenger boy to deliver, but for some reason, which is not exactly clear, Messrs. Wilson and Brooks did not receive it. These men left the employ of the Traveler's Insurance Company, and this fact becoming known to plaintiff at Meadville he came to Chicago. It does not appear just

why he came to Chicago or what he did after his arrival. As indicated above, he was allowed as damages his railroad fare for this trip and his loss of profits caused by his absence from Meadville.

JACOB E. DITTUS, for plaintiff in error.

ALBERT B. GEORGE, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

TELEGRAPHS AND TELEPHONES, § 37*—*when recovery for failure to deliver telegram not warranted by the evidence.* In an action against a telegraph company to recover damages sustained by plaintiff by reason of the failure of defendant to deliver to addressees a telegram given to it to be transmitted, a judgment in favor of plaintiff for certain railroad fare and for loss of profits and commissions *held* not warranted by the evidence, there being no evidence to show that the failure to deliver the telegram had any bearing on the actions of the addressees or made the railroad trip by plaintiff necessary.

---

### Harry C. Leemon, Defendant in Error, v. Grand Crossing Tack Company, Plaintiff in Error.

### Gen. No. 19,598.

1. MASTER AND SERVANT, § 9*—*when conditions in employment contract as to payment of wages invalid.* An employment contract which purports to deprive an employe of his wages for services rendered, by conditions as to time, manner or method of requesting his pay, is void.

2. ASSIGNMENTS, § 33*—*sufficiency of pleadings in suit by assignee of chose in action.* In an action in the Municipal Court against an employer by an assignee of an employe's claim for wages, *held* that a judgment in favor of the assignee could not be sustained where he did not in his pleadings on oath, or by affidavit, allege that he was the actual bona fide owner of the chose in action, and

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.